**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **CHRISTEN RAISOR, LAURISA LAROSE MOWERY, AND CONRAD SMITH** on behalf of themselves and all others similarly situated, | ) ) ) ) | CASE NO. |
| | ) | |
| Plaintiff, | ) | |
| v. | ) ) | **ORIGINAL COLLECTIVE AND CLASS ACTION COMPLAINT** |
| **MENARD, INC.,** | ) ) | **JURY DEMAND ENDORSED HEREON** |
| Defendant. | ) | |

Plaintiffs, Christen Raisor ("Raisor"), Laurie LaRose Mowery ("Mowery"), and Conrad Smith ("Smith") (collectively "Plaintiffs"), on behalf of themselves and all others similarly situated, file this Collective and Class Action Complaint against Defendant, Menard, Inc. ("Defendant" or "Menard"), stating and alleging as follows:

## INTRODUCTION

1.      This case challenges policies and practices of Defendant that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as Ohio, Missouri, and Wisconsin wage payment acts and wage and hour laws.

2.      Plaintiffs and the putative class and collective action members are not subject to any arbitration agreement with a class or collective action waiver.

3.      Plaintiffs bring this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of [herself] and other employees similarly situated." Plaintiffs bring this case on behalf of

themselves and other "similarly-situated" persons who may join this case pursuant to § 216(b) (the "Opt-Ins").

4.  Plaintiff Raisor also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and other members of a class of persons, defined herein, who assert factually-related claims under Ohio law (the "Ohio Class").

5.  Plaintiff Mowery also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and other members of a class of persons, defined herein, who assert factually-related claims under Missouri law (the "Missouri Class").

6.  Plaintiff Smith also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and other members of a class of persons, defined herein, who assert factually-related claims under Wisconsin law (the "Wisconsin Class").

7.  Plaintiffs bring their FLSA collective action claims on behalf of all other similarly situated current and former hourly employees of Defendant's more than 300 retail home improvement stores, manufacturing facilities, and distribution centers throughout the United States during the preceding three years and through the conclusion of this Action ("the putative collective action members").

## JURISDICTION AND VENUE

8.  This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

9.  This Court has supplemental jurisdiction over Plaintiffs' claims under Ohio, Missouri, and Wisconsin law pursuant to 28 U.S.C. § 1367 because those claims are so related to the FLSA claims as to form part of the same case or controversy.

10.     Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because Defendant conducts significant business in this district and division. Further, a substantial part of the events giving rise to the claims in this lawsuit occurred, in whole or in part, in this judicial district and division. That conduct gives rise to this action.

## PARTIES

11.     At all times relevant, Plaintiff Raisor was a citizen of the State of Ohio.

12.     At all relevant times, Plaintiff Raisor worked for Defendant as a non-exempt hourly employee within this district and division.

13.     Plaintiff Raisor is not subject to any arbitration agreement with a class or collective action waiver.

14.     At all times relevant, Plaintiff Mowery was a citizen of the State of Missouri.

15.     At all relevant times, Plaintiff Mowery worked for Defendant as a non-exempt hourly employee.

16.     Plaintiff Mowery is not subject to is not subject to any arbitration agreement with a class or collective action waiver.

17.     Plaintiff Smith worked for Defendant as a non-exempt hourly employee, and was assigned to Defendant through People Ready, Inc., a staffing company.

18.     Plaintiff Smith is not subject to any arbitration agreement with a class or collective action waiver.

19.     Defendant is a foreign corporation that conducts business in this district and division.

## FACTUAL ALLEGATIONS

### Defendant's Status as an "Employer"

20.     At all times relevant, Defendant was an "employer" within the meaning of the FLSA and Ohio, Missouri, and Wisconsin wage payment and/or wage and hour laws.

21.     At all times relevant, Defendant was a joint-employer of Plaintiff Smith and all other employees working for Defendant through any staffing company. Specifically, Defendant directed and controlled the daily work of Defendant Smith and all other putative class members working for Defendant through any staffing company.

22.     Defendant's hourly employees include Plaintiffs, the putative collective action members, the Ohio Class, Missouri Class, and Wisconsin Class.

23.     At all times relevant, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r), and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

24.     On information and belief, Defendant had annual gross volume of sales or business done of not less than $500,000 during all times relevant.

25.     At all times relevant, Defendant employed two or more employees who engaged in commerce or the production of goods for commerce. For example, such employees engaged in business transactions for Defendant across state lines and/or produced goods that Defendant sold to customers in more than one state.

26.     At all times relevant, Defendant employed two or more employees who handled, sold, and/or worked on goods or materials that were moved in or produced for commerce by any person. For example, such employees handled goods or materials that were moved in or produced for commerce, such as personal protection equipment, computers, computer related

devises, telecommunications devices, products sold by Defendant to its customers, and sales transaction devises or equipment.

**<u>Defendant's Failure to Pay for Compensable Rest Breaks</u>**

27.     Plaintiffs, the putative collective action members, the Ohio Class, the Missouri Class, and the Wisconsin Class are current or former non-exempt hourly employees of Defendant.

28.     Plaintiffs, the putative collective action members, the Ohio Class, the Missouri Class, and the Wisconsin Class frequently worked more than forty (40) hours in a single workweek, entitling them to overtime compensation under the FLSA, Ohio law, Missouri law, and Wisconsin law.

29.     Plaintiffs, the putative collective action members, the Ohio Class, the Missouri Class, and the Wisconsin Class were not paid for all the overtime compensation they earned.

30.     Specifically, Defendant has a policy that applies to all hourly employees of not paying those employees for all rest breaks. That is, while it pays for certain rest break time, it does not pay for other rest break time during the workday.

31.     Defendant's failure to pay Plaintiffs, the putative collective action members, the Ohio Class, the Missouri Class, and the Wisconsin Class for all rest breaks has resulted in them not being paid all overtime premium owed for all overtime hours worked pursuant to the FLSA, Ohio law, Missouri law, and Wisconsin Law.

32.     Plaintiffs, the putative collective action members, the Ohio Class, the Missouri Class, and the Wisconsin Class have each worked a substantial number of uncompensated hours during the three-year period immediately preceding the filing of this Complaint, which has resulted in significant unpaid overtime wages.

5

33.     Plaintiffs, the putative collective action members, the Ohio Class, the Missouri Class, and the Wisconsin Class were regularly scheduled to work 40 hours a week or more. Thus, by failing to pay Plaintiffs, the putative collective action members, the Ohio Class, the Missouri Class, and the Wisconsin Class for short rest breaks, Defendant failed to pay Plaintiffs, the putative collective action members, the Ohio Class, the Missouri Class, and the Wisconsin Class for all their overtime in most or all of the weeks in which they worked over 40 hours in a workweek.

34.     Plaintiffs, the putative collective action members, the Ohio Class, the Missouri Class, and the Wisconsin Class were required to clock-out or were otherwise clocked out for numerous short breaks during their respective workdays, generally in duration of less than 20 minutes.

35.     Plaintiffs, the Opt-Ins, the Ohio Class, the Missouri Class, and the Wisconsin Class were generally paid for two short rest breaks in an eight-hour shift. However, unpaid breaks of 20 minutes or less, other than those two paid breaks, were generally unpaid due to Defendant's company-wide practices and policies (the "Unpaid Break Time").

36.     Plaintiffs are not subject to any arbitration agreement with a class or collective action waiver.

37.     The putative collective action members, the Ohio Class, the Missouri Class, and the Wisconsin Class are not subject to any arbitration agreement with a class or collective action waiver.

## COLLECTIVE ACTION ALLEGATIONS
### (Direct Employee Collective)

38.     Plaintiffs Mowery and Raisor incorporate by reference the foregoing allegations as if fully rewritten herein.

39.     Plaintiffs Mowery and Raisor and the direct employee putative collective action members are current and/or former employees directly employed by Defendant.

40.     Plaintiffs Mowery and Raisor bring this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of [herself] or themselves and other employees similarly situated."

41.     The putative direct employee collective action members who are "similarly situated" to Plaintiffs Mowery and Raisor with respect to Defendant's FLSA violations consist of:

> All present and former hourly employees directly employed by Defendant at its retail stores, manufacturing facilities, and distribution centers throughout the United States during the period measured from three years preceding the commencement of this action to the present who were: (1) did not sign an employment agreement with Defendant containing a class or collective action waiver; (2) were not paid for breaks in time of less than 20 minutes during their respective workdays; and, as a result, (3) were not paid time and one-half their respective regular rates of pay for all hours worked over 40 during each and every seven day workweek in the relevant time period.

42.     Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were hourly employees of Defendant, all were subjected to and injured by Defendant's unlawful practice and/or policy of failing to pay its employees for all hours worked due to unpaid breaks in time less than 20 minutes during the workday, and all have the same claims against Defendant for unpaid wages and overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

7

43.    Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

44.    Plaintiffs Mowery and Raisor cannot yet state the exact number of similarly-situated persons, although it is estimated to be a class consisting of thousands of employees. Such persons are readily identifiable through the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA and corresponding state laws.

## COLLECTIVE ACTION ALLEGATIONS
### (Joint Employer Collective)

45.    Plaintiff Smith incorporates by reference the foregoing allegations as if fully rewritten herein.

46.    Plaintiff Smith and the putative joint employer collective action members are current and/or former employees of Defendant.

47.    Plaintiff Smith brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of [herself] or themselves and other employees similarly situated."

48.    The putative joint employer collective action members who are "similarly situated" to Plaintiff Smith with respect to Defendant's FLSA violations consist of:

> All present and former hourly employees working through a staffing company at Defendant's retail stores, manufacturing facilities, and distribution centers throughout the United States during the period measured from three years preceding the commencement of this action to the present who: (1) did not sign an arbitration agreement containing a class or collective action waiver with Defendant; (2) were not paid for breaks in time of less than 20 minutes during their respective workdays; and, as a result, (3) were not paid time and one-half their respective regular rates of

pay for all hours worked over 40 during each and every seven day workweek in the relevant time period.

49.    Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were hourly employees of Defendant, all were subjected to and injured by Defendant's unlawful practice and/or policy of failing to pay its employees for all hours worked due to unpaid breaks in time less than 20 minutes during the workday, and all have the same claims against Defendant for unpaid wages and overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

50.    Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

51.    Plaintiff Smith cannot yet state the exact number of similarly-situated persons, although it is estimated to be a class consisting of thousands of employees. Such persons are readily identifiable through the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA and corresponding state laws.

## CLASS ACTION ALLEGATIONS
### (Ohio Class)

52.    Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

53.    Plaintiff Raisor and the Ohio Class members are current and/or former employees of Defendant who worked for Defendant in Ohio during the relevant time period for their Ohio claims.

54.     Plaintiff Raisor also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and other members of a class of persons who assert claims under the laws of the State of Ohio (the "Ohio Class"), defined as:

> All present and former hourly employees at Defendant's retail stores, manufacturing facilities, and distribution centers in Ohio during the period measured from three years preceding the commencement of this action to the present who: (1) are not subject to and/or did not sign an arbitration agreement with a class or collective action waiver with Defendant; (2) were not paid for breaks in time of less than 20 minutes during their respective workdays; and, as a result, (3) were not paid time and one-half their respective regular rates of pay for all hours worked over 40 during each and every seven day workweek in the relevant time period in addition to not being paid all wages owed, including overtime wages and time and one-half their respective regular rates of pay, within 30 days of performing the work.

55.     The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff Raisor cannot yet state the exact number of class members but avers, upon information and belief, that it consists of at least hundreds of people. The number of class members as well as their identities are ascertainable from the payroll records Defendant has maintained, or was required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

56.     There are questions of law or fact common to the Ohio Class, including but not limited to:

> Whether Defendant failed to pay Plaintiff Raisor and other class members for all hours worked in excess of 40 in a workweek; and,

> Whether Defendant's failure to pay Plaintiff Raisor and other class members for rest break time and failure to count such time as hours worked is lawful.

> Whether Defendant's failure to pay Plaintiff Raisor and other class members all wages owed, including overtime wages, within 30 days of performance of the corresponding work is lawful.

57.     Plaintiff Raisor's claims are typical of the claims of other members of the Ohio Class. Plaintiff Raisor's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of other class members.

58.     Plaintiff Raisor will fairly and adequately protect the interests of the Ohio Class. Plaintiff Raisor's interests are not antagonistic to, but rather are in unison with, the interests of other class members. Plaintiff Raisor's counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and is fully qualified to prosecute the claims of the Ohio Class in this case.

59.     The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

60.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## CLASS ACTION ALLEGATIONS
### (Missouri Class)

61.     Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

62.     Plaintiff Mowery and the Missouri Class members are current and/or former employees of Defendant who worked for Defendant in Missouri during the time period relevant to their Missouri claims.

63.     Plaintiff Mowery also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and other members of a class of persons who assert claims under the laws of the State of Missouri (the "Missouri Class"), defined as:

> All present and former hourly employees at Defendant's retail stores, manufacturing facilities, and distribution centers in Missouri during the period measured from three years preceding the commencement of this action to the present who: (1) are not subject to and/or did not sign an arbitration agreement with a class or collective action waiver with Defendant; (2) were not paid for breaks in time of less than 20 minutes during their respective workdays; and, as a result, (3) were not paid time and one-half their respective regular rates of pay for all hours worked over 40 during each and every seven day workweek in the relevant time period.

64.     The Missouri Class is so numerous that joinder of all class members is impracticable. Plaintiff Mowery cannot yet state the exact number of class members but avers, upon information and belief, that it consists of at least hundreds of people. The number of class members as well as their identities are ascertainable from the payroll records Defendant has maintained, or was required to maintain, pursuant to the FLSA and Missouri law.

65.     There are questions of law or fact common to the Missouri Class, including but not limited to:

> Whether Defendant failed to pay Plaintiff Mowery and other class members for all hours worked in excess of 40 in a workweek; and,
>
> Whether Defendant's failure to pay Plaintiff Mowery and other class members for rest break time and failure to count such time as hours worked is lawful.

66.     Plaintiff Mowery's claims are typical of the claims of other members of the Missouri Class. Plaintiff Mowery's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of other class members.

67.     Plaintiff Mowery will fairly and adequately protect the interests of the Missouri Class. Plaintiff Mowery's interests are not antagonistic to, but rather are in unison with, the interests of other class members. Plaintiff Mowery's counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and is fully qualified to prosecute the claims of the Missouri Class in this case.

68.     The questions of law or fact that are common to the Missouri Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

69.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually.

Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

<u>**CLASS ACTION ALLEGATIONS**</u>
<u>**(Wisconsin Class)**</u>

70.     Plaintiff Smith incorporate by reference the foregoing allegations as if fully rewritten herein.

71.     Plaintiff Smith also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and other members of a class of persons employed by Menard through a staffing company who assert claims under the laws of the State of Wisconsin (the "Wisconsin Class"), defined as:

> All present and former hourly employees working through a staffing company at Defendant's retail home improvement stores, manufacturing facilities, and distribution centers in Wisconsin during the period measured from two years preceding the commencement of this action to the present who: (1) took rest breaks and were not paid for such breaks; and, (2) were not paid an overtime premium for all hours worked in excess of 40 in any workweek, including time spent on rest breaks.

72.     The Wisconsin Class is so numerous that joinder of all class members is impracticable. Plaintiff Smith cannot yet state the exact number of class members but avers, upon information and belief, that it consists of at least hundreds of people.  The number of class members as well as their identities are ascertainable from the payroll records Defendant has maintained, or was required to maintain, pursuant to the FLSA and Wisconsin law.

73.     There are questions of law or fact common to the Wisconsin Class, including but not limited to:

> Whether Defendant failed to pay Plaintiff Smith and other class members for all hours worked in excess of 40 in a workweek; and,

> Whether Defendant's failure to pay Plaintiff Smith and other class members for rest break time and failure to count such time as hours worked is lawful.

74.     Plaintiff Smith's claims are typical of the claims of other members of the Wisconsin Class.  Plaintiff Smith's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of other class members.

75.     Plaintiff Smith will fairly and adequately protect the interests of the Wisconsin Class.  Plaintiff Smith's interests are not antagonistic to, but rather are in unison with, the interests of other class members.  Plaintiff Smith's counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and is fully qualified to prosecute the claims of the Wisconsin Class in this case.

76.     The questions of law or fact that are common to the Wisconsin Class predominate over any questions affecting only individual members.  The primary questions that will determine Defendant's liability to the class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

77.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources.  Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually.  Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

**COUNT ONE**
**(By Plaintiffs Mowery and Raisor)**
**(FLSA Overtime Violations)**

78.    Plaintiffs Mowery and Raisor incorporate by reference the foregoing allegations as if fully rewritten herein.

79.    Plaintiffs Mowery and Raisor bring this claim for violation of the FLSA's overtime provisions on behalf of themselves and the Opt-Ins who have joined or will join this case pursuant to 29 U.S.C. § 216(b) who were directly employed by Defendant. Plaintiffs Mowery and Raisor's written consents to becoming a party to this action pursuant to § 216(b) will be been filed with this Court. Furthermore, by filing this lawsuit, Plaintiffs Mowery and Raisor consent to join this FLSA collective action proceeding for unpaid overtime wages.

80.    The FLSA requires that non-exempt employees be paid at a rate of one and one-half times their regular rate for every hour worked in excess of 40 in a workweek.

81.    Defendant failed to pay Plaintiffs Mowery and Raisor overtime compensation for all hours worked in excess of forty in a workweek.

82.    Instead, Defendant has a companywide policy of failing to pay its employees for short breaks in time of less than 20 minutes during the workday which routinely resulted in Plaintiffs working hours for which they were not compensated, including hours in excess of 40 in a workweek for which they were not paid time and one-half their respective regular rates of pay.

83.    Defendant's practices resulted in Plaintiffs Mowery and Raisor receiving less overtime compensation than they were owed.

84.    By engaging in these practices, Defendant willfully violated the FLSA and regulations thereunder that have the force and effect of law. For example, Defendant knew or should have known that Plaintiffs Mowery and Raisor worked overtime hours for which they

16

were not paid overtime compensation due to its practice and/or policy of not paying for breaks in time of less than 20 minutes during the workday.

85.    As a result of Defendant's violations of the FLSA, Plaintiffs Mowery and Raisor were injured in that they did not receive overtime compensation due to them pursuant to the FLSA.  29 U.S.C. § 216(b) entitles them to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." Section 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or Plaintiff, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT TWO
**(By Plaintiff Smith)**
**(FLSA Overtime Violations)**

86.    Plaintiff Smith incorporates by reference the foregoing allegations as if fully rewritten herein.

87.    Plaintiff Smith brings this claim for violation of the FLSA's overtime provisions on behalf of himself and the Opt-Ins who have joined or will join this case pursuant to 29 U.S.C. § 216(b) who were employed by Defendant through a staffing company. Plaintiff Smith's written consent to becoming a party to this action pursuant to § 216(b) will be filed with this Court. Further, by filing this lawsuit, Plaintiff Smith's consent to join this FLSA collective action proceeding for unpaid overtime wages.

88.    The FLSA requires that non-exempt employees be paid at a rate of one and one-half times their regular rate for every hour worked in excess of 40 in a workweek.

89.    Defendant failed to pay Plaintiff Smith overtime compensation for all hours worked in excess of forty in a workweek.

90.     Instead, Defendant has a companywide policy of failing to pay its employees for short breaks in time of less than 20 minutes during the workday which routinely resulted in Plaintiff Smith working hours for which they were not compensated, including hours in excess of 40 in a workweek for which they were not paid time and one-half their respective regular rates of pay.

91.     Defendant's practices resulted in Plaintiff Smith receiving less overtime compensation than they were owed.

92.     By engaging in these practices, Defendant willfully violated the FLSA and regulations thereunder that have the force and effect of law. For example, Defendant knew or should have known that Plaintiff Smith worked overtime hours for which they were not paid overtime compensation due to its practice and/or policy of not paying for breaks in time of less than 20 minutes during the workday.

93.     As a result of Defendant's violations of the FLSA, Plaintiffs were injured in that they did not receive overtime compensation due to them pursuant to the FLSA.  29 U.S.C. § 216(b) entitles them to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." Section 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or Plaintiff, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

**COUNT THREE**
**(By Named Plaintiff Raisor)**
**(Ohio Overtime Violations)**

94.     Plaintiff Raisor incorporates by reference the foregoing allegations as if fully rewritten herein.

95.    Plaintiff Raisor brings this claim for violation of the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, on behalf of herself, the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b), and all members of the Ohio Class for which certification is sought pursuant to Fed. R. Civ. P. 23.

96.    At all times relevant, Defendant was an employer covered by the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03.

97.    Defendant violated the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, by failing to pay all overtime compensation to its hourly workers including Plaintiff Raisor, the Potential Opt-Ins, and the Ohio Class.

98.    Specifically, among other things, Defendant failed to pay Plaintiff Raisor and the Ohio Class for all rest breaks and failed to count such time as hours worked. This practice has resulted in an underpayment of overtime premiums due to the Plaintiff Raisor, the Opt-Ins, and the Ohio Class.

99.    Defendant's violations of Ohio Rev. Code Ann. § 4111.03 injured Plaintiff Raisor, the Potential Opt-Ins, and the Ohio Class members in that they did not receive overtime compensation due to them pursuant to that statute.

100.    Ohio Rev. Code Ann. § 4111.10(A) provides that Defendant, having violated § 4111.03, is "liable to the employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee[s] by the employer, and for costs and reasonable attorney's fees as may be allowed by the court."

**COUNT FOUR**
**(By Named Plaintiff Raisor)**
**(Violations of Ohio Revised Code 4113.15)**

101.    Plaintiffs incorporate by reference the foregoing allegations as if fully written herein.

102.    Plaintiff Raisor brings this claim for violation of Ohio Revised Code 4113.15, on behalf of herself, and all members of the Ohio Class for which certification is sought pursuant to Fed. R. Civ. P. 23.

103.    At all times relevant, Defendant was Plaintiff Raisor and the Ohio Class' employer for purposes of overtime compensation owed.

104.    Defendant violated Ohio Revised Code § 4113.15, by failing to pay all wages owed, including overtime compensation, to its hourly workers including Plaintiff Raisor and the Ohio Class within thirty days of their regularly scheduled payday.

105.    The number of hours and minutes actually worked by Plaintiff Raisor and the Ohio Class is reflected in time-clock records maintained by Defendant.

106.    Ohio Revised Code Ann. § 4113.15 provides that Defendant, having violated § 4113.15, "is liable to the employee in the amount equal to six per cent of the amount of the claim still unpaid and not in contest or disputed or two hundred dollars, whichever is greater."

**COUNT FIVE**
**(By Named Plaintiff Mowery)**
**(Missouri Overtime Violations)**

107.    Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

108.    Plaintiff Mowery brings this claim for violation of Missouri Revised Statute §290.505, on behalf of herself, the Potential Opt-Ins who may join this case pursuant to 29

U.S.C. § 216(b), and all members of the Missouri Class for which certification is sought pursuant to Fed. R. Civ. P. 23.

109.    At all times relevant, Defendant was an employer covered by Missouri Revised Statute §290.505.

110.    Defendant violated Missouri Revised Statute §290.505 by failing to pay all overtime compensation to its hourly workers including Plaintiff Mowery, the Potential Opt-Ins, and the Missouri Class.

111.    Specifically, among other things, Defendant failed to pay Plaintiff Mowery and the Missouri Class for all rest breaks and failed to count such time as hours worked. This practice has resulted in an underpayment of overtime premiums due to Plaintiff Mowery, the Opt-Ins, and the Missouri Class.

112.    Defendant's violations of Missouri Revised Statute §290.505 injured Plaintiff Mowery, the Potential Opt-Ins, and the Missouri Class members in that they did not receive overtime compensation due to them pursuant to that statute.

113.    Defendant, having violated Missouri Revised Statute §290.505, is liable "for the full amount of the wage rate and an additional equal amount as liquidated damages, less any amount actually paid to the employee by the employer and for costs and such reasonable attorney fees as may be allowed by the court or jury."

## COUNT SIX
### (By Named Plaintiff Smith)
### (Wisconsin Overtime Violations)

114.    Plaintiff Smith incorporates by reference the foregoing allegations as if fully rewritten herein.

115.    Plaintiff Smith brings this claim for violation of the Wisconsin overtime compensation law, Wis. Adm. Code DWD 274.03, on behalf of himself, the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b), and all members of the Wisconsin Class for which certification is sought pursuant to Fed. R. Civ. P. 23 who were employed by Defendant through a staffing company.

116.    At all times relevant, Defendant was an employer covered by the Wisconsin overtime compensation law, Wis. Adm. Code DWD 274.03.

117.    Defendant violated the Wisconsin overtime compensation law, Wis. Adm. Code DWD 274.03, by failing to pay all overtime compensation to its hourly workers including Plaintiff Smith, the Potential Opt-Ins, and the Wisconsin Class.

118.    Specifically, among other things, Defendant failed to pay Plaintiff Smith and the Wisconsin Class for all rest breaks and failed to count such time as hours worked. This practice has resulted in an underpayment of overtime premiums due to Plaintiff Smith, the Opt-Ins, and the Wisconsin Class.

119.    Pursuant to Wis. Adm. Code DWD 272.12(2)(c), "[r]est periods of short duration, running less than 30 minutes…must be counted as hours worked." Defendant did not count all of the Wisconsin Class' rest breaks as hours worked for purposes of determining overtime compensation eligibility.

22

120.    Defendant's violations of the Wisconsin overtime compensation law injured Plaintiff Smith, the Potential Opt-Ins, and the Wisconsin Class members in that they did not receive overtime compensation due to them pursuant to that statute.

121.    Defendant, having violated the Wisconsin overtime compensation law, is liable for the underpaid wages, liquidated damages, attorney fees, and costs. Wis. Stat. § 109.03(5).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court:

A.    Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) for the direct employee collective and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B.    Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) for the joint employer collective and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

C.    Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff Raisor and other members of the Ohio Class;

D.    Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff Mowery and other members of the Missouri Class;

E.    Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff Smith and other members of the Wisconsin Class;

F.    Enter judgment against Defendant and in favor of Plaintiffs, the FLSA Opt-Ins, the Ohio Class, the Missouri Class, and the Wisconsin Class;

G.    Award compensatory damages to Plaintiffs, the FLSA Opt-Ins, the Ohio Class, the Missouri Class, and the Wisconsin Class in the amount of their unpaid overtime wages as well as liquidated damages and other damages permitted by law; and,

H.    Award Plaintiff his costs and attorney's fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

Respectfully submitted,

/s/ Hans A. Nilges
Hans A. Nilges (0076017)
Shannon M. Draher (0074304)
Michaela M. Calhoun (0093546)
**NILGES DRAHER, LLC**
7266 Portage Street, N.W., Suite D
Massillon, OH 44646
Telephone:      (330) 470-4428
Facsimile:      (330) 754-1430
Email:      hans@ohlaborlaw.com
             sdraher@ohlaborlaw.com
             mcalhoun@ohlaborlaw.com

Robert J. Hunt (IN # 30686-49)
**THE LAW OFFICE OF ROBERT J. HUNT, LLC**
3091 E. 98th Street, Ste. 280
Indianapolis, IN 46280
Telephone:      (317)-706-1100
Facsimile:      (317)-623-8503
Email:      rob@indianawagelaw.com

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff hereby demand a trial by jury on all issues so triable.

/s/ *Hans A. Nilges*
Hans A. Nilges (0076017)

*Counsel for Plaintiff*