**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **CHRISTEN RAISOR, LAURISA** | ) | |
| **LAROSE MOWERY, CONRAD** | ) | |
| **SMITH, SIMON ZAYA, RICHARD** | ) | CASE NO. 3:18-cv-00314 |
| **MURPHY, EARL SMITH, SAMER** | ) | |
| **ABDE MALEK, BRITTANY ARENS,** | ) | |
| **KYLE BAKER, SUSAN BAKER,** | ) | JUDGE JUDGE JACK ZOUHARY |
| **RYAN MEISLAHN, RODNEY** | ) | |
| **BACHMEIER, KEVIN** | ) | |
| **EISENBRAUN, CRAIG BRIMMER,** | ) | **FIRST AMENDED COLLECTIVE AND** |
| **CODY ALCOA, ROBERT** | ) | **CLASS ACTION COMPLAINT** |
| **ALTENBACH, TYLER HOERRES** | ) | |
| **and SAWYER FALCON** on behalf of | ) | **JURY DEMAND ENDORSED HEREON** |
| themselves and all others similarly | ) | |
| situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| **MENARD, INC.,** | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiffs, Christen Raisor, Laurie LaRose Mowery, Conrad Smith, Simon Zaya, Richard

Murphy, Earl Smith, Samer Abde Malek, Brittany Arens, Kyle Baker, Susan Baker, Ryan

Meislahn, Rodney Bachmeier, Kevin Eisenbraun, Craig Brimmer, Cody Accola, Robert

Altenbach, Tyler Hoerres, and Sawyer Falcon  (collectively "Plaintiffs"), on behalf of themselves

and all others similarly situated, file this Collective and Class Action Complaint against Defendant,

Menard, Inc. ("Defendant" or "Menard"), stating and alleging as follows:

## INTRODUCTION

1.      This case challenges policies and practices of Defendant that violate the Fair Labor

Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as Ohio, Missouri, Wisconsin, Indiana,

Illinois, Iowa, Kansas, Minnesota, Nebraska, South Dakota, and North Dakota wage payment acts and state wage and hour laws.

2.      Plaintiffs and the putative class and collective action members are not subject to any arbitration agreement with a class or collective action waiver.

3.      Plaintiffs bring this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of himself [or herself] and other employees similarly situated." Plaintiffs bring this case on behalf of themselves and other "similarly-situated" persons who may join this case pursuant to § 216(b) (the "Opt-Ins").

4.      Plaintiff Raisor also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and other members of a class of persons, defined herein, who assert factually-related claims under Ohio law (the "Ohio Class").

5.      Plaintiff Mowery also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and other members of a class of persons, defined herein, who assert factually-related claims under Missouri law (the "Missouri Class").

6.      Plaintiffs Conrad Smith, Accola, Hoerres, and Altenbach also bring this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and other members of a class of persons, defined herein, who assert factually-related claims under Wisconsin law (the "Wisconsin Class").

7.      Plaintiffs Earl Smith and Malek also bring this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and other members of a class of persons, defined herein,

who assert factually-related claims under the Indiana Wage Payment Statute (the "Indiana Class"). Plaintiffs voluntarily resigned their employment with Defendant.

8.      Plaintiffs Zaya and Murphy also bring this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and other members of a class of persons, defined herein, who assert factually-related claims under Illinois law (the "Illinois Class").

9.      Plaintiffs Kyle Baker and Arens also bring this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and other members of a class of persons, defined herein, who assert factually-related claims under Iowa law (the "Iowa Class").

10.     Plaintiff Susan Baker also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and other members of a class of persons, defined herein, who assert factually-related claims under Kansas law (the "Kansas Class").

11.     Plaintiff Meislahn also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and other members of a class of persons, defined herein, who assert factually-related claims under Minnesota law (the "Minnesota Class").

12.     Plaintiff Bachmeier also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and other members of a class of persons, defined herein, who assert factually-related claims under Nebraska law (the "Nebraska Class").

13.     Plaintiffs Eisenbraun and Brimmer also bring this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and other members of a class of persons, defined herein, who assert factually-related claims under South Dakota law (the "South Dakota Class").

14.     Plaintiff Falcon also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and other members of a class of persons, defined herein, who assert factually-related claims under North Dakota law (the "North Dakota Class").

15.     Plaintiffs bring their FLSA collective action claims on behalf of all other similarly situated current and former hourly employees of Defendant's more than 300 retail home improvement stores and all distribution centers throughout the United States during the preceding three years and through the conclusion of this Action ("the putative collective action members").

## JURISDICTION AND VENUE

16.     This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

17.     This Court has supplemental jurisdiction over Plaintiffs' claims under Ohio, Missouri, Wisconsin, Indiana, Illinois, Iowa, Kansas, Minnesota, Nebraska, South Dakota, and North Dakota pursuant to 28 U.S.C. § 1367 because those claims are so related to the FLSA claims as to form part of the same case or controversy.

18.     Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because Defendant conducts significant business in this district and division. Further, a substantial part of the events giving rise to the claims in this lawsuit occurred, in whole or in part, in this judicial district and division. That conduct gives rise to this action.

## PARTIES

19.     At all times relevant, Plaintiff Raisor was a citizen of the State of Ohio.

20.     At all relevant times, Plaintiff Raisor worked for Defendant as a non-exempt hourly employee within this district and division.

21.     Plaintiff Raisor is not subject to any arbitration agreement with a class or collective action waiver.

22.     At all times relevant, Plaintiff Mowery was a citizen of the State of Missouri.

23.     At all relevant times, Plaintiff Mowery worked for Defendant as a non-exempt hourly employee.

24.     Plaintiff Mowery is not subject to any arbitration agreement with a class or collective action waiver.

25.     Plaintiff Conrad Smith worked for Defendant as a non-exempt hourly employee in the state of Wisconsin, and was assigned to Defendant through People Ready, Inc., a staffing company.

26.     Plaintiff Conrad Smith is not subject to any arbitration agreement with a class or collective action waiver.

27.     At all relevant times, Plaintiffs Accola, Hoerres, and Altenbach were citizens of the State of Wisconsin.

28.     At all relevant times, Plaintiffs Accola, Hoerres, and Altenbach worked for Defendant as a non-exempt hourly employee.

29.     Plaintiffs Accola, Hoerres, and Altenbach are not subject to any arbitration agreement with a class or collective action waiver.

30.     At all times relevant, Plaintiffs Earl Smith and Malek were citizens of the State of Indiana.

31.     At all relevant times, Plaintiffs Earl Smith and Malek worked for Defendant as a non-exempt hourly employee.

32.     Plaintiffs Earl Smith and Malek are not subject to any arbitration agreement with a class or collective action waiver.

33.     At all times relevant, Plaintiffs Zaya and Murphy were citizens of the State of Illinois.

34.     At all relevant times, Plaintiffs Zaya and Murphy worked for Defendant as a non-exempt hourly employee.

35.     Plaintiffs Zaya and Murphy are not subject to any arbitration agreement with a class or collective action waiver.

36.     At all times relevant, Plaintiffs Kyle Baker and Arens were citizens of the State of Iowa.

37.     At all relevant times, Plaintiffs Kyle Baker and Arens worked for Defendant as a non-exempt hourly employee.

38.     Plaintiffs Kyle Baker and Arens are not subject to any arbitration agreement with a class or collective action waiver.

39.     At all times relevant, Plaintiff Susan Baker was a citizen of the State of Kansas.

40.     At all relevant times, Plaintiff Susan Baker worked for Defendant as a non-exempt hourly employee.

41.     Plaintiff Susan Baker is not subject to any arbitration agreement with a class or collective action waiver.

42.     At all times relevant, Plaintiff Meislahn was a citizen of the State of Minnesota.

43.     At all relevant times, Plaintiff Meislahn worked for Defendant as a non-exempt hourly employee.

44.     Plaintiff Meislahn is not subject to any arbitration agreement with a class or collective action waiver.

45.     At all times relevant, Plaintiff Bachmeier was a citizen of the State of Nebraska.

46.     At all relevant times, Plaintiff Bachmeier worked for Defendant as a non-exempt hourly employee.

6

47.     Plaintiff Bachmeier is not subject to any arbitration agreement with a class or collective action waiver.

48.     At all times relevant, Plaintiffs Eisenbraun and Brimmer were citizens of the State of South Dakota.

49.     At all relevant times, Plaintiffs Eisenbraun and Brimmer worked for Defendant as a non-exempt hourly employee.

50.     Plaintiffs Eisenbraun and Brimmer are not subject to any arbitration agreement with a class or collective action waiver.

51.     At all times relevant, Plaintiff Falcon was a citizen of the State of North Dakota.

52.     At all relevant times, Plaintiff Falcon worked for Defendant as a non-exempt hourly employee.

53.     Plaintiff Falcon is not subject to any arbitration agreement with a class or collective action waiver.

54.     Defendant is a foreign corporation that conducts business in this district and division.

## FACTUAL ALLEGATIONS

### Defendant's Status as an "Employer"

55.     At all times relevant, Defendant was an "employer" within the meaning of the FLSA and Ohio, Missouri, Wisconsin, Indiana, Illinois, Iowa, Kansas, Minnesota, Nebraska, South Dakota, and North Dakota wage payment and/or wage and hour laws.

56.     At all times relevant, Defendant was a joint-employer of Plaintiff Conrad Smith and all other employees working for Defendant through any staffing company. Specifically,

Defendant directed and controlled the daily work of Defendant Conrad Smith and all other putative class members working for Defendant through any staffing company.

57.     Defendant's hourly employees include Plaintiffs, the putative collective action members, the Ohio Class, Missouri Class, Wisconsin Class, Indiana Class, Illinois Class, Iowa Class, Kansas Class, Minnesota Class, Nebraska Class, South Dakota Class, and the North Dakota Class.

58.     At all times relevant, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r), and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

59.     Defendant had annual gross volume of sales or business done of not less than $500,000 during all times relevant.

60.     At all times relevant, Defendant employed two or more employees who engaged in commerce or the production of goods for commerce. For example, such employees engaged in business transactions for Defendant across state lines and/or produced goods that Defendant sold to customers in more than one state.

61.     At all times relevant, Defendant employed two or more employees who handled, sold, and/or worked on goods or materials that were moved in or produced for commerce by any person. For example, such employees handled goods or materials that were moved in or produced for commerce, such as personal protection equipment, computers, computer related devises, telecommunications devices, products sold by Defendant to its customers, and sales transaction devises or equipment.

## Defendant's Failure to Pay for Compensable Rest Breaks

62.     Plaintiffs, the putative collective action members, the Ohio Class, Missouri Class, Wisconsin Class, Indiana Class, Illinois Class, Iowa Class, Kansas Class, Minnesota Class, Nebraska Class, South Dakota Class, and the North Dakota Class are current or former non-exempt hourly employees of Defendant.

63.     With the exception of Plaintiff Hoerres and some members of the Wisconsin Class and Indiana Class, the putative collective action members, the Ohio Class, Missouri Class, Wisconsin Class, Indiana Class, Illinois Class, Iowa Class, Kansas Class, Minnesota Class, Nebraska Class, South Dakota Class and the North Dakota Class frequently worked more than forty (40) hours in a single workweek, entitling them to overtime compensation under the FLSA and/or Ohio law, Missouri law, Wisconsin law, Indiana law, Illinois law, Iowa law, Kansas law, Minnesota law, Nebraska law, South Dakota law, and North Dakota law.

64.     Plaintiffs, the putative collective action members, the Ohio Class, Missouri Class, Wisconsin Class, Indiana Class, Illinois Class, Iowa Class, Kansas Class, Minnesota Class, Nebraska Class, South Dakota Class, and the North Dakota Class were not paid for all the wages and/or overtime compensation they earned.

65.     Specifically, Defendant has a policy that applies to all hourly employees of not paying those employees for all rest breaks. That is, while it pays for certain rest break time, it does not pay for other rest break time during the workday.

66.     Defendant's failure to pay Plaintiffs, the putative collective action members, the Ohio Class, Missouri Class, Wisconsin Class, Indiana Class, Illinois Class, Iowa Class, Kansas Class, Minnesota Class, Nebraska Class, South Dakota Class and the North Dakota Class for all rest breaks has resulted in them not being paid all wages and/or overtime premium owed for all

regular (straight time) hours of work and/or overtime hours worked pursuant to the FLSA, Ohio law, Missouri law, Wisconsin law, Indiana law, Illinois law, Iowa law, Kansas law, Minnesota law, Nebraska law, South Dakota law, and North Dakota law.  Plaintiffs, the putative collective action members, the Ohio Class, Missouri Class, Wisconsin Class, Indiana Class, Illinois Class, Iowa Class, Kansas Class, Minnesota Class, Nebraska Class, South Dakota Class, and North Dakota Class have each worked a substantial number of uncompensated hours during the three-year period immediately preceding the filing of this Complaint, which has resulted in significant unpaid straight-time wages and/or overtime wages.

67.    Plaintiffs, with the exception of Plaintiff Hoerres and certain members of the Wisconsin Class and Indiana Class, the putative collective action members, the Ohio Class, Missouri Class, Wisconsin Class, Indiana Class, Illinois Class, Iowa Class, Kansas Class, Minnesota Class, Nebraska Class, South Dakota Class, and the North Dakota Class were regularly scheduled to work 40 hours a week or more. Thus, by failing to pay Plaintiffs, the putative collective action members, the Ohio Class, Missouri Class, Wisconsin Class, Indiana Class, Illinois Class, Iowa Class, Kansas Class, Minnesota Class, Nebraska Class, South Dakota Class, and the North Dakota Class for short rest breaks, Defendant failed to pay Plaintiffs, the putative collective action members, the Ohio Class, Missouri Class, Wisconsin Class, Indiana Class, Illinois Class, Iowa Class, Kansas Class, Minnesota Class, Nebraska Class, South Dakota Class, and the North Dakota Class for all their overtime in most or all of the weeks in which they worked over 40 hours in a workweek.

68.    Plaintiffs, the putative collective action members, the Ohio Class, Missouri Class, Wisconsin Class, Indiana Class, Illinois Class, Iowa Class, Kansas Class, Minnesota Class, Nebraska Class, South Dakota Class, and North Dakota Class were required to clock-out or were

otherwise clocked out for numerous short breaks during their respective workdays, generally in duration of less than 20 minutes.

69.     Plaintiffs, the Opt-Ins, the Ohio Class, Missouri Class, Wisconsin Class, Indiana Class, Illinois Class, Iowa Class, Kansas Class, Minnesota Class, Nebraska Class, South Dakota Class, and North Dakota Class were generally paid for up to 10 minutes of two short rest breaks in an eight-hour shift. However, unpaid breaks of 20 minutes or less, other than those two paid breaks, including all minutes in excess of 10 for any break, were unpaid due to Defendant's company-wide practices and policies (the "Unpaid Break Time").

70.     Plaintiffs are not subject to any arbitration agreement with a class or collective action waiver.

71.     The putative collective action members, the Ohio Class, Missouri Class, Wisconsin Class, Indiana Class, Illinois Class, Iowa Class, Kansas Class, Minnesota Class, Nebraska Class, South Dakota Class, and North Dakota Class are not subject to any arbitration agreement with a class or collective action waiver.

## COLLECTIVE ACTION ALLEGATIONS
### (Direct Employee Collective)

72.     Plaintiffs Mowery and Raisor incorporate by reference the foregoing allegations as if fully rewritten herein.

73.     Plaintiffs Mowery and Raisor and the direct employee putative collective action members are current and/or former employees directly employed by Defendant.

74.     Plaintiffs Mowery and Raisor bring this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of [herself] or themselves and other employees similarly situated."

11

75.    The putative direct employee collective action members who are "similarly situated" to Plaintiffs Mowery and Raisor with respect to Defendant's FLSA violations consist of:

> All present and former hourly employees directly employed by Defendant at its retail stores and distribution centers throughout the United States during the period measured from three years preceding the commencement of this action to the present who were: (1) did not sign an employment agreement with Defendant containing a class or collective action waiver; (2) were not paid for breaks in time of less than 20 minutes during their respective workdays; and, as a result, (3) were not paid time and one-half their respective regular rates of pay for all hours worked over 40 during each and every seven day workweek in the relevant time period.

76.    Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were hourly employees of Defendant, all were subjected to and injured by Defendant's unlawful practice and/or policy of failing to pay its employees for all hours worked due to unpaid breaks in time less than 20 minutes during the workday, and all have the same claims against Defendant for unpaid wages and overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

77.    Conditional certification of this case as a collective action pursuant to 29 U.S.C. §216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

78.    Plaintiffs Mowery and Raisor cannot yet state the exact number of similarly-situated persons, although it is estimated to be a class consisting of thousands of employees. Such persons are readily identifiable through the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA and corresponding state laws.

## COLLECTIVE ACTION ALLEGATIONS
### (Joint Employer Collective)

79.     Plaintiff Conrad Smith incorporates by reference the foregoing allegations as if fully rewritten herein.

80.     Plaintiff Conrad Smith and the putative joint employer collective action members are current and/or former employees of Defendant.

81.     Plaintiff Conrad Smith brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of [herself] or themselves and other employees similarly situated."

82.     The putative joint employer collective action members who are "similarly situated" to Plaintiff Smith with respect to Defendant's FLSA violations consist of:

> All present and former hourly employees working through a staffing company at Defendant's retail stores and distribution centers throughout the United States during the period measured from three years preceding the commencement of this action to the present who: (1) did not sign an arbitration agreement containing a class or collective action waiver with Defendant; (2) were not paid for breaks in time of less than 20 minutes during their respective workdays; and, as a result, (3) were not paid time and one-half their respective regular rates of pay for all hours worked over 40 during each and every seven day workweek in the relevant time period.

83.     Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were hourly employees of Defendant, all were subjected to and injured by Defendant's unlawful practice and/or policy of failing to pay its employees for all hours worked due to unpaid breaks in time less than 20 minutes during the workday, and all have the same claims against Defendant for unpaid wages and overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

13

84.     Conditional certification of this case as a collective action pursuant to 29 U.S.C. §216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

85.     Plaintiff Conrad Smith cannot yet state the exact number of similarly-situated persons, although it is estimated to be a class consisting of thousands of employees. Such persons are readily identifiable through the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA and corresponding state laws.

## CLASS ACTION ALLEGATIONS
### (Ohio Class)

86.     Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

87.     Plaintiff Raisor and the Ohio Class members are current and/or former employees of Defendant who worked for Defendant in Ohio during the relevant time period for their Ohio claims.

88.     Plaintiff Raisor also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and other members of a class of persons who assert claims under the laws of the State of Ohio (the "Ohio Class"), defined as:

> All present and former hourly employees at Defendant's retail stores and distribution centers in Ohio during the period measured from three years preceding the commencement of this action to the present who: (1) are not subject to and/or did not sign an arbitration agreement with a class or collective action waiver with Defendant; (2) were not paid for breaks in time of less than 20 minutes during their respective workdays; and, as a result, (3) were not paid time and one-half their respective regular rates of pay for all hours worked over 40 during each and every seven day workweek in the relevant time period.

89.     The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff Raisor cannot yet state the exact number of class members but avers, upon information and belief, that it consists of at least hundreds of people. The number of class members as well as their identities are ascertainable from the payroll records Defendant has maintained, or was required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 516.2; Ohio Const. art. II, § 34a.

90.     There are questions of law or fact common to the Ohio Class, including but not limited to:

> Whether Defendant failed to pay Plaintiff Raisor and other class members for all hours worked in excess of 40 in a workweek; and,
>
> Whether Defendant's failure to pay Plaintiff Raisor and other class members for rest break time and failure to count such time as hours worked is lawful.

91.     Plaintiff Raisor's claims are typical of the claims of other members of the Ohio Class. Plaintiff Raisor's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of other class members.

92.     Plaintiff Raisor will fairly and adequately protect the interests of the Ohio Class. Plaintiff Raisor's interests are not antagonistic to, but rather are in unison with, the interests of other class members. Plaintiff Raisor's counsel have broad experience in handling class action litigation, including wage-and-hour litigation, and is fully qualified to prosecute the claims of the Ohio Class in this case.

93.     The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the class, listed above, are common to the class, and predominate over any questions affecting only individual class members.

94.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## CLASS ACTION ALLEGATIONS
### (Missouri Class)

95.     Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

96.     Plaintiff Mowery and the Missouri Class members are current and/or former employees of Defendant who worked for Defendant in Missouri during the time period relevant to their Missouri claims.

97.     Plaintiff Mowery also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and other members of a class of persons who assert claims under the laws of the State of Missouri (the "Missouri Class"), defined as:

> All present and former hourly employees at Defendant's retail stores and distribution centers in Missouri during the period measured from three years preceding the commencement of this action to the present who: (1) are not subject to and/or did not sign an arbitration agreement with a class or collective action waiver with Defendant; (2) were not paid for breaks in time of less than 20 minutes during their respective workdays; and, as a result, (3) were not paid straight time wages and/or time and one-half their respective regular rates of pay for all hours worked over 40 during each and every seven day workweek in the relevant time period.

98.     The Missouri Class is so numerous that joinder of all class members is impracticable. Plaintiff Mowery cannot yet state the exact number of class members but avers, upon information and belief, that it consists of at least hundreds of people. The number of class members as well as their identities are ascertainable from the payroll records Defendant has maintained, or was required to maintain, pursuant to the FLSA and Missouri law.

99.     There are questions of law or fact common to the Missouri Class, including but not limited to:

> Whether Defendant failed to pay Plaintiff Mowery and other class members for all hours worked, including overtime wages for all hours worked in excess of 40 in a workweek; and,

> Whether Defendant's failure to pay Plaintiff Mowery and other class members for rest break time and failure to count such time as hours worked is lawful.

100.    Plaintiff Mowery's claims are typical of the claims of other members of the Missouri Class. Plaintiff Mowery's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of other class members.

101.    Plaintiff Mowery will fairly and adequately protect the interests of the Missouri Class. Plaintiff Mowery's interests are not antagonistic to, but rather are in unison with, the interests of other class members. Plaintiff Mowery's counsel have broad experience in handling class action litigation, including wage-and-hour litigation, and is fully qualified to prosecute the claims of the Missouri Class in this case.

102.    The questions of law or fact that are common to the Missouri Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

103.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## CLASS ACTION ALLEGATIONS
### (Wisconsin Class)

104.    Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

105.    Plaintiffs Conrad Smith, Accola, Hoerres, and Altenbach, and the Wisconsin Class members are current and/or former employees of Defendant who worked for Defendant in Wisconsin during the time period relevant to their Wisconsin claims.

106.    Plaintiffs Conrad Smith, Accola, Hoerres, and Altenbach also bring this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and other members of a class of persons who assert claims under the laws of the State of Wisconsin (the "Wisconsin Class"), defined as:

> All present and former hourly employees at Defendant's retail stores and distribution centers in Wisconsin during the period measured from three years preceding the commencement of this action to the present who: (1) are  not subject to and/or did not sign an arbitration agreement with a class or collective action waiver with Defendant; (2) were not paid for breaks in time of less than 30 minutes during their respective workdays; and, as a result, (3) were not paid straight time wages and/or time and one-half their respective regular rates of pay for all hours worked over 40 during each and every seven day workweek in the relevant time period.

107.    The Wisconsin Class is so numerous that joinder of all class members is impracticable.  Plaintiffs Conrad Smith, Accola, Hoerres, and Altenbach cannot yet state the exact number of class members but avers, upon information and belief, that it consists of at least hundreds of people.  The number of class members as well as their identities are ascertainable from the payroll records Defendant has maintained, or was required to maintain, pursuant to the FLSA and Wisconsin law.

108.    There are questions of law or fact common to the Wisconsin Class, including but not limited to:

> Whether Defendant failed to pay Plaintiff Smith and other class members for all hours worked, including overtime wages for all hours worked in excess of 40 in a workweek; and,

> Whether Defendant's failure to pay Plaintiff Smith and other class members for rest break time and failure to count such time as hours work is lawful.

109.    Plaintiffs Conrad Smith, Accola, Hoerres, and Altenbach' claims are typical of the claims of other members of the Wisconsin Class.  Plaintiffs Conrad Smith, Accola, Hoerres, and Altenbach' claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of other class members.

110.    Plaintiffs Conrad Smith, Accola, Hoerres, and Altenbach will fairly and adequately protect the interests of the Wisconsin Class.  Plaintiffs Conrad Smith, Accola, Hoerres, and Altenbach' interests are not antagonistic to, but rather are in unison with, the interests of other class members.  Plaintiffs Conrad Smith, Accola, Hoerres, and Altenbach' counsel have broad experience in handling class action litigation, including wage-and-hour litigation, and is fully qualified to prosecute the claims of the Wisconsin Class in this case.

111.     The questions of law or fact that are common to the Wisconsin Class predominate over any questions affecting only individual members.  The primary questions that will determine Defendant's liability to the class, listed above, are common to the class, and predominate over any questions affecting only individual class members.

112.     A class action is superior to the other available methods for the fair and efficient adjudication of this controversy.  Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources.  Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individuals. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issue to be adjudicated for all class members with the efficiencies of class litigation.

**CLASS ACTION ALLEGATIONS**
**(Indiana Class)**

123.     Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

124.     Plaintiffs Earl Smith and Malek and the Indiana Class members are current and/or former employees of Defendant who voluntarily resigned from employment and who worked for Defendant in Indiana during the time period relevant to their Indiana claims.

125.     Plaintiffs Earl Smith and Malek also bring this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and other members of a class of persons who assert claims under the laws of the State of Indiana (the "Indiana Class"), defined as:

> All present and former hourly employees at Defendant's retail stores and distribution centers in Indiana during the period measured from two years preceding the commencement of this action to the present who: (1) are   not subject to and/or did not sign an arbitration agreement with a class or collective action waiver with Defendant;

> (2) were not paid for breaks in time of less than 20 minutes during their respective workdays; and, as a result, (3) were not paid straight time wages and/or time and one-half their respective regular rates of pay for all hours worked over 40 during each and every seven day workweek in the relevant time period.

113.    The Indiana Class is so numerous that joinder of all class members is impracticable. Plaintiffs Earl Smith and Malek cannot yet state the exact number of class members but avers, upon information and belief, that it consists of at least hundreds of people.  The number of class members as well as their identities are ascertainable from the payroll records Defendant has maintained, or was required to maintain, pursuant to the FLSA and Indiana law.

114.    There are questions of law or fact common to the Indiana Class, including but not limited to:

> Whether Defendant failed to pay Plaintiffs Earl Smith and Malek and other class members for all hours worked, including overtime wages for all hours worked in excess of 40 in a workweek; and,

> Whether Defendant's failure to pay Plaintiffs Earl Smith and Malek and other class members for rest break time and failure to count such time as hours work is lawful.

115.    Plaintiffs Earl Smith and Malek's claims are typical of the claims of other members of the Indiana Class.  Plaintiffs Earl Smith and Malek's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of other class members.

116.    Plaintiffs Earl Smith and Malek will fairly and adequately protect the interests of the Indiana Class.  Plaintiffs Earl Smith and Malek's interests are not antagonistic to, but rather are in unison with, the interests of other class members.  Plaintiffs Earl Smith and Malek's counsel have broad experience in handling class action litigation, including wage-and-hour litigation, and is fully qualified to prosecute the claims of the Indiana Class in this case.

117.    The questions of law or fact that are common to the Indiana Class predominate over any questions affecting only individual members.  The primary questions that will determine Defendant's liability to the class, listed above, are common to the class, and predominate over any questions affecting only individual class members.

118.    A class action is superior to the other available methods for the fair and efficient adjudication of this controversy.  Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources.  Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individuals. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issue to be adjudicated for all class members with the efficiencies of class litigation.

### CLASS ACTION ALLEGATIONS
### (Illinois Class)

119.    Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

120.    Plaintiffs Zaya and Murphy and the Illinois Class members are current and/or former employees of Defendant who worked for Defendant in Illinois during the time period relevant to their Illinois claims.

121.    Plaintiffs Zaya and Murphy also bring this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and other members of a class of persons who assert claims under the laws of the State of Illinois (the "Illinois Class"), defined as:

> All present and former hourly employees at Defendant's retail stores, manufacturing, facilities, and distribution centers in Illinois during the period measured from three years preceding the commencement of this action to the present who: (1) are not subject to and/or did not sign an arbitration agreement with a class or

collective action waiver with Defendant; (2) were not paid for breaks in time of less than 20 minutes during their respective workdays; and, as a result, (3) were not paid straight time wages and/or time and one-half their respective regular rates of pay for all hours worked over 40 during each and every seven day workweek in the relevant time period.

122.    The Illinois Class is so numerous that joinder of all class members is impracticable. Plaintiffs Zaya and Murphy cannot yet state the exact number of class members but avers, upon information and belief, that it consists of at least hundreds of people.  The number of class members as well as their identities are ascertainable from the payroll records Defendant has maintained, or was required to maintain, pursuant to the FLSA and Illinois law.

123.    There are questions of law or fact common to the Illinois Class, including but not limited to:

Whether Defendant failed to pay Plaintiffs Zaya and Murphy and other class members for all hours worked, including overtime wages for all hours worked in excess of 40 in a workweek; and,

Whether Defendant's failure to pay Plaintiffs Zaya and Murphy and other class members for rest break time and failure to count such time as hours work is lawful.

124.    Plaintiffs Zaya and Murphy's claims are typical of the claims of other members of the Illinois Class.  Plaintiffs Zaya and Murphy's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of other class members.

125.    Plaintiffs Zaya and Murphy will fairly and adequately protect the interests of the Illinois Class.  Plaintiffs Zaya and Murphy's interests are not antagonistic to, but rather are in unison with, the interests of other class members.  Plaintiffs Zaya and Murphy's counsel have broad experience in handling class action litigation, including wage-and-hour litigation, and is fully qualified to prosecute the claims of the Illinois Class in this case.

126.    The questions of law or fact that are common to the Illinois Class predominate over any questions affecting only individual members.  The primary questions that will determine Defendant's liability to the class, listed above, are common to the class, and predominate over any questions affecting only individual class members.

127.    A class action is superior to the other available methods for the fair and efficient adjudication of this controversy.  Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources.  Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individuals. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issue to be adjudicated for all class members with the efficiencies of class litigation.

## CLASS ACTION ALLEGATIONS
### (Iowa Class)

128.    Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

129.    Plaintiffs Kyle Baker and Arens and the Iowa Class members are current and/or former employees of Defendant who worked for Defendant in Iowa during the time period relevant to their Iowa claims.

130.    Plaintiffs Kyle Baker and Arens also bring this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and other members of a class of persons who assert claims under the laws of the State of Iowa (the "Iowa Class"), defined as:

> All present and former hourly employees at Defendant's retail stores, manufacturing, facilities, and distribution centers in Iowa during the period measured from three years preceding the commencement of this action to the present who: (1) are not subject to and/or did not sign an arbitration agreement with a class or

collective action waiver with Defendant; (2) were not paid for breaks in time of less than 20 minutes during their respective workdays; and, as a result, (3) were not paid straight time wages and/or time and one-half their respective regular rates of pay for all hours worked over 40 during each and every seven day workweek in the relevant time period.

131.    The Iowa Class is so numerous that joinder of all class members is impracticable. Plaintiffs Kyle Baker and Arens cannot yet state the exact number of class members but avers, upon information and belief, that it consists of at least hundreds of people.  The number of class members as well as their identities are ascertainable from the payroll records Defendant has maintained, or was required to maintain, pursuant to the FLSA and Iowa law.

132.    There are questions of law or fact common to the Iowa Class, including but not limited to:

Whether Defendant failed to pay Plaintiffs Kyle Baker and Arens and other class members for all hours worked, including overtime wages for all hours worked in excess of 40 in a workweek; and,

Whether Defendant's failure to pay Plaintiffs Kyle Baker and Arens and other class members for rest break time and failure to count such time as hours work is lawful.

133.    Plaintiffs Kyle Baker and Arens' claims are typical of the claims of other members of the Iowa Class. Plaintiffs Kyle Baker and Arens' claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of other class members.

134.    Plaintiffs Kyle Baker and Arens will fairly and adequately protect the interests of the Iowa Class.  Plaintiffs Kyle Baker and Arens' interests are not antagonistic to, but rather are in unison with, the interests of other class members.  Plaintiffs Kyle Baker and Arens' counsel have broad experience in handling class action litigation, including wage-and-hour litigation, and is fully qualified to prosecute the claims of the Iowa Class in this case.

135.    The questions of law or fact that are common to the Iowa Class predominate over any questions affecting only individual members.  The primary questions that will determine Defendant's liability to the class, listed above, are common to the class, and predominate over any questions affecting only individual class members.

136.    A class action is superior to the other available methods for the fair and efficient adjudication of this controversy.  Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources.  Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issue to be adjudicated for all class members with the efficiencies of class litigation.

## CLASS ACTION ALLEGATIONS
### (Kansas Class)

137.    Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

138.    Plaintiff Susan Baker and the Kansas Class members are current and/or former employees of Defendant who worked for Defendant in Kansas during the time period relevant to their Kansas claims.

139.    Plaintiff Susan Baker also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and other members of a class of persons who assert claims under the laws of the State of Kansas (the "Kansas Class"), defined as:

> All present and former hourly employees at Defendant's retail stores and distribution centers in Kansas during the period measured from three years preceding the commencement of this action to the present who: (1) are not subject to and/or did not sign an arbitration agreement with a class or collective action waiver with Defendant;

> (2) were not paid for breaks in time of less than 20 minutes during
> their respective workdays; and, as a result, (3) were not paid straight
> time wages and/or time and one-half their respective regular rates of
> pay for all hours worked over 40 during each and every seven day
> workweek in the relevant time period.

140.    The Kansas Class is so numerous that joinder of all class members is impracticable.

Plaintiff Susan Baker cannot yet state the exact number of class members but avers, upon

information and belief, that it consists of at least hundreds of people.  The number of class members

as well as their identities are ascertainable from the payroll records Defendant has maintained, or

was required to maintain, pursuant to the FLSA and Kansas law.

141.    There are questions of law or fact common to the Kansas Class, including but not

limited to:

> Whether Defendant failed to pay Plaintiff Susan Baker and other
> class members for all hours worked, including overtime wages for
> all hours worked in excess of 40 in a workweek; and,

> Whether Defendant's failure to pay Plaintiff Susan Baker and other
> class members for rest break time and failure to count such time as
> hours work is lawful.

142.    Plaintiff Susan Baker's claims are typical of the claims of other members of the

Kansas Class.  Plaintiff Susan Baker's claims arise out of the same uniform course of conduct by

Defendant, and are based on the same legal theories, as the claims of other class members.

143.    Plaintiff Susan Baker will fairly and adequately protect the interests of the Kansas

Class.  Plaintiff Susan Baker's interests are not antagonistic to, but rather are in unison with, the

interests of other class members.  Plaintiff Susan Baker's counsel have broad experience in

handling class action litigation, including wage-and-hour litigation, and is fully qualified to

prosecute the claims of the Kansas Class in this case.

144.    The questions of law or fact that are common to the Kansas Class predominate over any questions affecting only individual members.  The primary questions that will determine Defendant's liability to the class, listed above, are common to the class, and predominate over any questions affecting only individual class members.

145.    A class action is superior to the other available methods for the fair and efficient adjudication of this controversy.  Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources.  Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issue to be adjudicated for all class members with the efficiencies of class litigation.

## CLASS ACTION ALLEGATIONS
### (Minnesota Class)

146.    Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

147.    Plaintiff Meislahn and the Minnesota Class members are current and/or former employees of Defendant who worked for Defendant in Minnesota during the time period relevant to their Minnesota claims.

148.    Plaintiff Meislahn also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and other members of a class of persons who assert claims under the laws of the State of Minnesota (the "Minnesota Class"), defined as:

> All present and former hourly employees at Defendant's retail stores, manufacturing, facilities, and distribution centers in Minnesota during the period measured from three years preceding the commencement of this action to the present who: (1) are  not subject to and/or did not sign an arbitration agreement with a class

or collective action waiver with Defendant; (2) were not paid for breaks in time of less than 20 minutes during their respective workdays; and, as a result, (3) were not paid straight time wages and/or time and one-half their respective regular rates of pay for all hours worked over 40 during each and every seven day workweek in the relevant time period.

149. The Minnesota Class is so numerous that joinder of all class members is impracticable. Plaintiff Meislahn cannot yet state the exact number of class members but avers, upon information and belief, that it consists of at least hundreds of people. The number of class members as well as their identities are ascertainable from the payroll records Defendant has maintained, or was required to maintain, pursuant to the FLSA and Minnesota law.

150. There are questions of law or fact common to the Minnesota Class, including but not limited to:

Whether Defendant failed to pay Plaintiff Meislahn and other class members for all hours worked, including overtime wages for all hours worked in excess of 40 in a workweek; and,

Whether Defendant's failure to pay Plaintiff Meislahn and other class members for rest break time and failure to count such time as hours work is lawful.

151. Plaintiff Meislahn's claims are typical of the claims of other members of the Minnesota Class. Plaintiff Meislahn's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of other class members.

152. Plaintiff Meislahn will fairly and adequately protect the interests of the Minnesota Class. Plaintiff Meislahn's interests are not antagonistic to, but rather are in unison with, the interests of other class members. Plaintiff Meislahn's counsel have broad experience in handling class action litigation, including wage-and-hour litigation, and is fully qualified to prosecute the claims of the Minnesota Class in this case.

153.     The questions of law or fact that are common to the Minnesota Class predominate over any questions affecting only individual members.  The primary questions that will determine Defendant's liability to the class, listed above, are common to the class, and predominate over any questions affecting only individual class members.

154.     A class action is superior to the other available methods for the fair and efficient adjudication of this controversy.  Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources.  Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually.  Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issue to be adjudicated for all class members with the efficiencies of class litigation.

**CLASS ACTION ALLEGATIONS**
**(Nebraska Class)**

155.     Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

156.     Plaintiff Bachmeier and the Nebraska Class members are current and/or former employees of Defendant who worked for Defendant in Nebraska during the time period relevant to their Nebraska claims.

157.     Plaintiff Bachmeier also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and other members of a class of persons who assert claims under the laws of the State of Nebraska (the "Nebraska Class"), defined as:

> All present and former hourly employees at Defendant's retail stores, manufacturing, facilities, and distribution centers in Nebraska during the period measured from three years preceding the commencement of this action to the present who: (1) are not subject to and/or did not sign an arbitration agreement with a class or

30

> collective action waiver with Defendant; (2) were not paid for breaks in time of less than 20 minutes during their respective workdays; and, as a result, (3) were not paid straight time wages and/or time and one-half their respective regular rates of pay for all hours worked over 40 during each and every seven day workweek in the relevant time period.

158.    The Nebraska Class is so numerous that joinder of all class members is impracticable.  Plaintiff Bachmeier cannot yet state the exact number of class members but avers, upon information and belief, that it consists of at least hundreds of people.  The number of class members as well as their identities are ascertainable from the payroll records Defendant has maintained, or was required to maintain, pursuant to the FLSA and Nebraska law.

159.    There are questions of law or fact common to the Nebraska Class, including but not limited to:

> Whether Defendant failed to pay Plaintiff Bachmeier and other class members for all hours worked, including overtime wages for all hours worked in excess of 40 in a workweek; and,

> Whether Defendant's failure to pay Plaintiff Bachmeier and other class members for rest break time and failure to count such time as hours work is lawful.

160.    Plaintiff Bachmeier's claims are typical of the claims of other members of the Nebraska Class.  Plaintiff Bachmeier's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of other class members.

161.    Plaintiff Bachmeier will fairly and adequately protect the interests of the Nebraska Class.  Plaintiff Bachmeier's interests are not antagonistic to, but rather are in unison with, the interests of other class members.  Plaintiff Bachmeier's counsel have broad experience in handling class action Nebraska Class in this case.

162.    The questions of law or fact that are common to the Nebraska Class predominate over any questions affecting only individual members.  The primary questions that will determine

31

Defendant's liability to the class, listed above, are common to the class, and predominate over any questions affecting only individual class members.

163.    A class action is superior to the other available methods for the fair and efficient adjudication of this controversy.  Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources.  Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individuals. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issue to be adjudicated for all class members with the efficiencies of class litigation.

<u>**CLASS ACTION ALLEGATIONS**</u>
<u>**(South Dakota Class)**</u>

164.    Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

165.    Plaintiffs Eisenbraun and Brimmer and the South Dakota Class members are current and/or former employees of Defendant who worked for Defendant in South Dakota during the time period relevant to their South Dakota claims.

166.    Plaintiffs Eisenbraun and Brimmer also bring this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and other members of a class of persons who assert claims under the laws of the State of South Dakota (the "South Dakota Class"), defined as:

> All present and former hourly employees at Defendant's retail stores, manufacturing, facilities, and distribution centers in South Dakota during the period measured from three years preceding the commencement of this action to the present who: (1) are not subject to and/or did not sign an arbitration agreement with a class or collective action waiver with Defendant; (2) were not paid for breaks in time of less than 20 minutes during their respective workdays; and, as a result, (3) were not paid straight time wages and/or time and one-half their respective regular rates of pay for all

hours worked over 40 during each and every seven day workweek
in the relevant time period.

167.    The South Dakota Class is so numerous that joinder of all class members is
impracticable.  Plaintiffs Eisenbraun and Brimmer cannot yet state the exact number of class
members but avers, upon information and belief, that it consists of at least hundreds of people.
The number of class members as well as their identities are ascertainable from the payroll records
Defendant has maintained, or was required to maintain, pursuant to the FLSA and South Dakota
law.

168.    There are questions of law or fact common to the South Dakota Class, including
but not limited to:

> Whether Defendant failed to pay Plaintiffs Eisenbraun and Brimmer
> and other class members for all hours worked, including overtime
> wages for all hours worked in excess of 40 in a workweek; and,

> Whether Defendant's failure to pay Plaintiffs Eisenbraun and
> Brimmer and other class members for rest break time and failure to
> count such time as hours work is lawful.

169.    Plaintiffs Eisenbraun and Brimmer's claims are typical of the claims of other
members of the South Dakota Class.  Plaintiffs Eisenbraun and Brimmer's claims arise out of the
same uniform course of conduct by Defendant, and are based on the same legal theories, as the
claims of other class members.

170.    Plaintiffs Eisenbraun and Brimmer will fairly and adequately protect the interests
of the South Dakota Class.  Plaintiffs Eisenbraun and Brimmer's interests are not antagonistic to,
but rather are in unison with, the interests of other class members.  Plaintiffs Eisenbraun and
Brimmer's counsel have broad experience in handling class action litigation, including wage-and-
hour litigation, and is fully qualified to prosecute the claims of the South Dakota Class in this case.

171.    The questions of law or fact that are common to the South Dakota Class predominate over any questions affecting only individual members.  The primary questions that will determine Defendant's liability to the class, listed above, are common to the class, and predominate over any questions affecting only individual class members.

172.    A class action is superior to the other available methods for the fair and efficient adjudication of this controversy.  Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources.  Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issue to be adjudicated for all class members with the efficiencies of class litigation.

## CLASS ACTION ALLEGATIONS
### (North Dakota Class)

173.    Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

174.    Plaintiff Falcon and the North Dakota Class members are current and/or former employees of Defendant who worked for Defendant in North Dakota during the time period relevant to their North Dakota claims.

175.    Plaintiff Falcon also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and other members of a class of persons who assert claims under the laws of the State of North Dakota (the "North Dakota Class"), defined as:

> All present and former hourly employees at Defendant's retail stores, manufacturing, facilities, and distribution centers in North Dakota during the period measured from three years preceding the commencement of this action to the present who: (1) are not subject to and/or did not sign an arbitration agreement with a class or

collective action waiver with Defendant; (2) were not paid for breaks in time of less than 20 minutes during their respective workdays; and, as a result, (3) were not paid straight time wages and/or time and one-half their respective regular rates of pay for all hours worked over 40 during each and every seven day workweek in the relevant time period.

176. The North Dakota Class is so numerous that joinder of all class members is impracticable. Plaintiff Falcon cannot yet state the exact number of class members but avers, upon information and belief, that it consists of at least hundreds of people. The number of class members as well as their identities are ascertainable from the payroll records Defendant has maintained, or was required to maintain, pursuant to the FLSA and North Dakota law.

177. There are questions of law or fact common to the North Dakota Class, including but not limited to:

Whether Defendant failed to pay Plaintiff Falcon and other class members for all hours worked, including overtime wages for all hours worked in excess of 40 in a workweek; and,

Whether Defendant's failure to pay Plaintiff Falcon and other class members for rest break time and failure to count such time as hours work is lawful.

178. Plaintiff Falcon's claims are typical of the claims of other members of the North Dakota Class. Plaintiff Falcon's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of other class members.

179. Plaintiff Falcon will fairly and adequately protect the interests of the North Dakota Class. Plaintiff Falcon's interests are not antagonistic to, but rather are in unison with, the interests of other class members. Plaintiff Falcon's counsel have broad experience in handling class action litigation, including wage-and-hour litigation, and is fully qualified to prosecute the claims of the North Dakota Class in this case.

180.    The questions of law or fact that are common to the North Dakota Class predominate over any questions affecting only individual members.  The primary questions that will determine Defendant's liability to the class, listed above, are common to the class, and predominate over any questions affecting only individual class members.

181.    A class action is superior to the other available methods for the fair and efficient adjudication of this controversy.  Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources.  Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issue to be adjudicated for all class members with the efficiencies of class litigation.

**COUNT ONE**
**(By Plaintiffs Mowery and Raisor)**
**(FLSA Overtime Violations)**

182.    Plaintiffs Mowery and Raisor incorporate by reference the foregoing allegations as if fully rewritten herein.

183.    Plaintiffs Mowery and Raisor bring this claim for violation of the FLSA's overtime provisions on behalf of themselves and the Opt-Ins who have joined or will join this case pursuant to 29 U.S.C. § 216(b) who were directly employed by Defendant. Plaintiffs Mowery and Raisor's written consents to becoming a party to this action pursuant to § 216(b) will be been filed with this Court. Furthermore, by filing this lawsuit, Plaintiffs Mowery and Raisor consent to join this FLSA collective action proceeding for unpaid overtime wages.

184.    The FLSA requires that non-exempt employees be paid at a rate of one and one-half times their regular rate for every hour worked in excess of 40 in a workweek.

185.    Defendant failed to pay Plaintiffs Mowery and Raisor overtime compensation for all hours worked in excess of forty in a workweek.

186.    Instead, Defendant has a companywide policy of failing to pay its employees for short breaks in time of less than 20 minutes during the workday which routinely resulted in Plaintiffs working hours for which they were not compensated, including hours in excess of 40 in a workweek for which they were not paid time and one-half their respective regular rates of pay.

187.    Defendant's practices resulted in Plaintiffs Mowery and Raisor receiving less overtime compensation than they were owed.

188.    By engaging in these practices, Defendant willfully violated the FLSA and regulations thereunder that have the force and effect of law. For example, Defendant knew or should have known that Plaintiffs Mowery and Raisor worked overtime hours for which they were not paid overtime compensation due to its practice and/or policy of not paying for breaks in time of less than 20 minutes during the workday.

189.    As a result of Defendant's violations of the FLSA, Plaintiffs Mowery and Raisor were injured in that they did not receive overtime compensation due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles them to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." Section 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or Plaintiff, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## **COUNT TWO**
### **(By Plaintiff Smith)**
### **(FLSA Overtime Violations)**

190.    Plaintiff Conrad Smith incorporates by reference the foregoing allegations as if fully rewritten herein.

191.    Plaintiff Smith brings this claim for violation of the FLSA's overtime provisions on behalf of himself and the Opt-Ins who have joined or will join this case pursuant to 29 U.S.C. § 216(b) who were employed by Defendant through a staffing company. Plaintiff Smith's written consent to becoming a party to this action pursuant to § 216(b) will be filed with this Court. Further, by filing this lawsuit, Plaintiff Smith's consent to join this FLSA collective action proceeding for unpaid overtime wages.

192.    The FLSA requires that non-exempt employees be paid at a rate of one and one-half times their regular rate for every hour worked in excess of 40 in a workweek.

193.    Defendant failed to pay Plaintiff Smith overtime compensation for all hours worked in excess of forty in a workweek.

194.    Instead, Defendant has a companywide policy of failing to pay its employees for short breaks in time of less than 20 minutes during the workday which routinely resulted in Plaintiff Smith working hours for which they were not compensated, including hours in excess of 40 in a workweek for which they were not paid time and one-half their respective regular rates of pay.

195.    Defendant's practices resulted in Plaintiff Smith receiving less overtime compensation than they were owed.

196.    By engaging in these practices, Defendant willfully violated the FLSA and regulations thereunder that have the force and effect of law. For example, Defendant knew or should have known that Plaintiff Smith worked overtime hours for which they were not paid overtime compensation due to its practice and/or policy of not paying for breaks in time of less than 20 minutes during the workday.

197.    As a result of Defendant's violations of the FLSA, Plaintiffs were injured in that they did not receive overtime compensation due to them pursuant to the FLSA.  29 U.S.C. § 216(b)

entitles them to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." Section 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or Plaintiff, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT THREE
### (By Named Plaintiff Raisor)
### (Ohio Overtime Violations)

198.    Plaintiff Raisor incorporates by reference the foregoing allegations as if fully rewritten herein.

199.    Plaintiff Raisor brings this claim for violation of the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, on behalf of herself, the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b), and all members of the Ohio Class for which certification is sought pursuant to Fed. R. Civ. P. 23.

200.    At all times relevant, Defendant was an employer covered by the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03.

201.    Defendant violated the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, by failing to pay all overtime compensation to its hourly workers including Plaintiff Raisor, the Potential Opt-Ins, and the Ohio Class.

202.    Specifically, among other things, Defendant failed to pay Plaintiff Raisor and the Ohio Class for all rest breaks and failed to count such time as hours worked. This practice has resulted in an underpayment of overtime premiums due to the Plaintiff Raisor, the Opt-Ins, and the Ohio Class.

203.    Defendant's violations of Ohio Rev. Code Ann. § 4111.03 injured Plaintiff Raisor, the Potential Opt-Ins, and the Ohio Class members in that they did not receive overtime compensation due to them pursuant to that statute.

204.    Ohio Rev. Code Ann. § 4111.10(A) provides that Defendant, having violated § 4111.03, is "liable to the employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee[s] by the employer, and for costs and reasonable attorney's fees as may be allowed by the court."

**COUNT FOUR**
**(By Named Plaintiff Mowery)**
**(Missouri Overtime Violations)**

205.    Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

206.    Plaintiff Mowery brings this claim for violation of Missouri Revised Statute §290.505, on behalf of herself, the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b), and all members of the Missouri Class for which certification is sought pursuant to Fed. R. Civ. P. 23.

207.    At all times relevant, Defendant was an employer covered by Missouri Revised Statute §290.505.

208.    Defendant violated Missouri Revised Statute §290.505 by failing to pay all overtime compensation to its hourly workers including Plaintiff Mowery, the Potential Opt-Ins, and the Missouri Class.

209.    Specifically, among other things, Defendant failed to pay Plaintiff Mowery and the Missouri Class for all rest breaks and failed to count such time as hours worked. This practice has

resulted in an underpayment of overtime premiums due to Plaintiff Mowery, the Opt-Ins, and the Missouri Class.

210.     Defendant's violations of Missouri Revised Statute §290.505 injured Plaintiff Mowery, the Potential Opt-Ins, and the Missouri Class members in that they did not receive overtime compensation due to them pursuant to that statute.

211.     Defendant, having violated Missouri Revised Statute §290.505, is liable "for the full amount of the wage rate and an additional equal amount as liquidated damages, less any amount actually paid to the employee by the employer and for costs and such reasonable attorney fees as may be allowed by the court or jury."

**COUNT FIVE**
**(By Named Plaintiffs Conrad Smith, Accola, Hoerres, and Altenbach)**
**(Wisconsin Wage Payment Violations)**

212.     Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

213.     Plaintiffs Conrad Smith, Accola, Hoerres, and Altenbach bring this claim for violation of the Wisconsin wage payment laws, including Wis. Adm. Code DWD 274.03 and/or 272.12(2)(c), on behalf of themselves, the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b). Plaintiffs Conrad Smith, Accola, Hoerres, and Altenbach bring this claim on behalf of all members of the Wisconsin Class for which certification is sought pursuant to Fed. R. Civ. P. 23 who were employed by Defendant at any retail or distribution center location or through a staffing company.

214.     At all times relevant, Defendant was an employer covered by the Wisconsin overtime compensation law, Wis. Adm. Code DWD 274.03 and/or 272.12(2)(c).

215.    Defendant violated the Wisconsin overtime compensation law, Wis. Adm. Code DWD 274.03 and/or 274.12(2)(c), by failing to pay all overtime compensation to its hourly workers including Plaintiffs Conrad Smith, Accola, Altenbach, Hoerres, the Potential Opt-Ins, and the Wisconsin Class.

216.    Specifically, among other things, Defendant failed to pay Plaintiffs Conrad Smith, Accola, Altenbach, Hoerres and the Wisconsin Class for all rest breaks and failed to count such time as hours worked. This practice has resulted in an underpayment of overtime premiums due to Plaintiffs Conrad Smith, Accola, Altenbach, Hoerres, the Opt-Ins, and the Wisconsin Class.

217.    Pursuant to Wis. Adm. Code DWD 272.12(2)(c), "[r]est periods of short duration, running less than 30 minutes…must be counted as hours worked." Defendant did not count all of the Wisconsin Class' rest breaks as hours worked for purposes of determining overtime compensation eligibility.

218.    Defendant did not pay Plaintiffs Conrad Smith, Accola, Altenbach, Hoerres and the Wisconsin Class for all rest break time running less than 30 minutes.

219.    The State of Wisconsin Department of Workforce Development webpage contains the following guidance: "Is the break time paid time? Yes, if the break is less than 30 minutes. For employees of any age, if the employer provides breaks less than 30 consecutive minutes in duration, the break time is counted as work time."[1]

220.    Defendant's violations of the Wisconsin overtime compensation and wage payment laws was dilatory or unjust, and injured Plaintiffs Conrad Smith, Accola, Altenbach, Hoerres, the Potential Opt-Ins, and the Wisconsin Class members in that they did not receive all wages and/or overtime compensation due to them pursuant to that statute.

---

[1] *See*, https://dwd.wisconsin.gov/er/labor_standards/breaks_and_meals.htm (last visited March 16, 2019).

221.    Defendant, having violated the Wisconsin overtime compensation law and wage payment law, is liable for the underpaid wages, liquidated damages, attorney fees, and costs. Wis. Stat. §§ 109.03(5)-(6); and 109.11(2).

### COUNT SIX
### (By Named Plaintiffs Earl Smith and Malek)
### (Indiana Wage Payment Statute Claim)

222.    Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

223.    Plaintiffs Earl Smith and Malek are the named Plaintiff whose Indiana statutory wage claim arises under the Indiana Wage Payment Statute, I.C. 22-2-5-2, and the Plaintiffs who represent the same or similar interests of all current and former Menard, Inc. Indiana-based employees who voluntarily resigned from employment.

224.    By way of this Claim, Plaintiffs Earl Smith and Malek are seeking, individually and on behalf of members of the Plaintiff Class of current and former Indiana-based Menard, Inc. employees, all available damages, including all unpaid wages, all available liquidated damages, all attorney's fees, costs and expenses, plus any other damage to which Plaintiffs Earl Smith and Malek and his fellow Plaintiff Class members may be entitled pursuant to law.  Pursuant to I.C. 22-2-5-2, Plaintiffs Earl Smith and Malek are seeking, individually and on behalf of members of the Plaintiff Class, payment of unpaid wages, plus all available damages, including, but not limited to, double the amount of wages due as an additional monetary damage, plus all attorney's fees, costs and expenses.

225.    Menard, Inc.'s failure to pay Plaintiffs Earl Smith and Malek and all of his fellow class members their wages in full constitutes bad faith action.  Menard, Inc. can certainly not claim

that it was acting in good faith when it intentionally instituted a scheme of treating recorded breaks of twenty minutes or less as unpaid time.

## COUNT SEVEN
### (By Named Plaintiffs Zaya and Murphy)
### (Illinois Statutory Wage Claims)

226.    Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

227.    Plaintiff Zaya and Murphy bring this claim on behalf of an Illinois Class of current and former employees of Defendant for whom certification is sought pursuant to Fed R. Civ. P. 23.  Plaintiffs Zaya and Murphy bring their individual and class action complaint to recover all unpaid straight-time wages pursuant to the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq*. Plaintiffs seek all unpaid wages for the maximum limitations period.

228.    At all times relevant, Defendant was an employer covered by the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq*. and Plaintiffs Earl Smith and Malek and all similarly situated Illinois-based employees were "employees" as that term is defined by the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq*.

229.    At all times relevant, Defendant was aware of its obligation to pay its Illinois-based, hourly-paid employees for all time that they worked, including all time worked in short breaks of twenty minutes or less, and Defendant is further aware of the wages that it actually paid to Plaintiff and all said Illinois-based class members.

230.    Defendant agreed to compensate its employees, including Plaintiffs Earl Smith and Malek and all Illinois class members, for all of the time they worked.

231.    Despite its knowledge of its legal obligation and its agreement, Defendant failed and refused to pay Plaintiffs Earl Smith and Malek and all Illinois class members for all time

worked, specifically, for all time worked in breaks or rest periods of twenty minutes or less.  In so doing, Defendant violated the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.* by failing to pay Plaintiffs Earl Smith and Malek and all Illinois class members for all work performed and wages earned.  For said violation, Plaintiff seeks for themselves and all Illinois class members:

> a. A judgment in the amount of all unpaid wages as provide by the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.*;
>
> b. Prejudgment interest on the back wages in accordance with 815 ILCS 205/2, plus damages of two percent per month on the amount of each underpayment of wages pursuant to 820 ILCS 115/14(a); and
>
> c. Payment of all reasonable attorney's fees and costs of this action pursuant to 820 ILCS 115/14(a).

232.    Additionally, Plaintiffs Earl Smith and Malek bring this claim alleging a violation of the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.*, (the "Illinois Overtime Statute") on behalf of themselves and all members of the Illinois Class for which certification is sought pursuant to Fed. R. Civ. P. 23. Plaintiffs seek all unpaid wages for the maximum limitations period.

233.    At all times relevant, Defendant was an employer covered by the Illinois Overtime Statute.

234.    Defendant violated the Illinois Overtime Statute by failing to pay all overtime compensation to its hourly workers including Plaintiffs Earl Smith and Malek and the Illinois Class.

235.    Specifically, among other things, Defendant failed to pay Plaintiffs Earl Smith and Malek and the Illinois Class for all rest breaks and failed to count such time as hours worked. This

45

practice has resulted in an underpayment of overtime wages and premiums due to Plaintiffs Earl Smith and Malek and the Illinois Class.

236.   Defendant's violations of the Illinois Overtime Statute were willful and injured Plaintiffs Earl Smith and Malek and the Illinois Class members in that they did not receive overtime compensation due to them pursuant to that statute.  Specifically, Defendant failed to pay overtime compensation to Plaintiffs Earl Smith and Malek and all Illinois Class members for short breaks or rest periods of twenty minutes or less that, if added to other compensation, would have constituted hours worked in excess of forty hours in a work week and should have been paid at a rate of one and one-half Plaintiffs' regular rates of pay.

237.   Defendant, having violated the Illinois Overtime Statute, is liable to Plaintiffs Earl Smith and Malek and all Illinois Class members, who seek the following:

     a.  A judgment in the amount of all unpaid overtime wages due under the Illinois Minimum Wage Law;

     b.  Prejudgment interest on the unpaid overtime compensation in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

     c.  Reasonable attorney's fees and costs of this action as provided by the Illinois Minimum Wage Law;

     d.  An injunction precluding Defendant from violating the Illinois Minimum Wage Law in the future; and

     e.  All such other relief as this Court deems just and proper.

**COUNT EIGHT**
**(By Named Plaintiffs Kyle Baker and Arens)**
**(Iowa Wage Payment Collection Law Claims)**

238.    Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

239.    Plaintiffs Kyle Baker and Arens bring this claim for violation of the Iowa Wage Payment Collection Law, Iowa Code Chapter § 91A, *et seq*., on behalf of themselves and all members of the Iowa Class for which certification is sought pursuant to Fed. R. Civ. P. 23.

240.    At all times relevant, Defendant was an employer covered by the Iowa Wage Payment Collection Law.

241.    Defendant violated the Iowa Wage Payment Collection Law by failing to pay all earned wages and overtime compensation to its hourly workers including Plaintiffs Kyle Baker and Arens the Iowa Class.

242.    Specifically, among other things, Defendant failed to pay Plaintiffs Kyle Baker and Arens and the Iowa Class for all rest breaks and failed to count such time as hours worked. This practice has resulted in an underpayment of wages and overtime premiums due to Plaintiffs and the Iowa Class.

243.    Defendant's violations of the Iowa Wage Payment Collection Law injured Plaintiffs Kyle Baker and Arens and the Iowa Class members in that they did not receive earned wages and overtime compensation due to them pursuant to that statute.

244.    Defendant, having violated the Iowa Wage Payment Collection Law is liable to Plaintiffs Kyle Baker and Arens and the Iowa Class for all unpaid wages, for all statutory, liquidated damages, and for payment of all reasonable attorney's fees, costs and expenses.  *See* Iowa Code § 91A.8.

**COUNT NINE**
**(By Named Plaintiff Susan Baker)**
**(Kansas Wage Payment Act Claims)**

245.    Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

246.    At all times material herein, Plaintiff Susan Baker and all similarly situated Kansas employees have been entitled to the rights, protections and benefits provided under K.S.A. § 44-313, *et seq*.

247.    K.S.A. § 44-314 provides that employees have the right to receive the wages they are due.  This would include any overtime wages due.

248.    Under the FLSA, Defendant is subject to payment overtime compensation at a rate of one and one-half times the regular rate for hours worked by Kansas Plaintiffs in excess of forty hours per week.

249.    Defendant was the employer of Plaintiff Susan Baker and all similarly situated Kansas Plaintiffs within the definition and meaning of the KWPA.

250.    Defendant knowingly and willfully violated the KWPA by failing to pay Plaintiff and all similarly situated Kansas Plaintiffs all wages and overtime wages due and owing, including all wages due under the FLSA.  In so doing, Defendant violated K.S.A. § 44-314.

251.    Plaintiff Susan Baker and all similarly situated Kansas Plaintiffs are common victims of Defendant's company-wide compensation policy and practice of treating certain recorded unpaid breaks of twenty minutes or less as unpaid time.

252.    Defendant, having violated the Kansas Wage Payment Act is liable to Plaintiff Susan Baker and all members of the Kansas Class for all unpaid straight-time wages for all hours

worked, for all unpaid overtime wages earned, for payment of all reasonable attorney's fees, costs and expenses, and any and all such other relief as the Court deems proper.

## COUNT TEN
### (By Named Plaintiff Meislahn)
### (Minnesota Statutory Wage Claims)

253.    Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

254.    Plaintiff Meislahn brings this claim for violation of the Minnesota Payment of Wages Act on behalf of herself and all members of the Minnesota Class for which certification is sought pursuant to Fed. R. Civ. P. 23.

255.    At all times relevant, Plaintiff Meislahn and all members of the Minnesota Class are current and former employees of the Defendant within the meaning of Minn. Stat. § 177.23, Subd. 7, 181.101.  At all times relevant, Defendant was an employer within the meaning of Minn. Stat. § 181.171, Subd. 4.

256.    Defendant was required by agreement to pay Plaintiff Meislahn and all members of the Minnesota Class for all hours worked.  Minn. Stat. § 181.101 requires every employer to pay all wages earned by an employee at least once every 31 days on a regular payday designated in advance by the employer regardless of whether the employee requests payment at longer intervals and the law requires the employer to pay a penalty in the amount of the employee's average daily earnings for up to 15 days if the employer does not make the payment within 10 days of demand.

257.    Minn. Stat. § 181.13 provides that when an employer discharges an employee, the wages or commissions actually earned and unpaid at the time of the discharge are immediately due and payable.  Minn. Stat. § 181.14 provides that when an employee quits or resigns employment,

the wages or commissions earned and unpaid at the time the employee quits or resigns must be paid in full no later than the next regularly scheduled payday.

258.     Wages are actually "earned and unpaid" if the employee was not paid for "all time worked" at the employee's regular rate of pay or as required by statute, regulation, rule, ordinance, government resolution or policy, contract, or other legal authority.  Minn. Stat. § 181.13(a), 181.14, Subd. 1.

259.     Time worked includes "training time, call time, cleaning time, waiting time, or any other time when the employee must be either on the premises of the employer or involved in the performance of duties in connection with his or her employment."  Minn. R. 5200.0120, Subp. 1. Additionally, Minn. R. 5200.0120, Subp. 1 requires employers to compensate employees for all rest breaks of less than 20 minutes.

260.     Defendant, pursuant to its policies and illegal wage practices, refused and failed to pay Plaintiff Meislahn and all members of the Minnesota Class for all of their hours worked, in breach of Defendant's contractual obligations.   By failing to properly compensate Plaintiff Meislahn and all members of the Minnesota Class, Defendant violated Plaintiffs' statutory rights under Minn. Stat. §§ 181.101, 181.13 and 181.14.

261.     Defendant's actions were willful and not the result of mistake or inadvertence.  See Minn. Stat. § 541.07(5).

262.     Defendant, having violated the Minnesota Payment of Wages Act is liable to Plaintiff Meislahn and all members of the Minnesota Class for all unpaid straight-time wages for all hours worked, for payment of all reasonable attorney's fees, costs and expenses, for pre and post-judgment interest, and any and all such other relief as the Court deems proper.

## COUNT ELEVEN
**(By Named Plaintiff Bachmeier)**
**(Nebraska Wage Payment and Collection Act Claims)**

263.    Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

264.    Plaintiff Bachmeier brings this claim for violations of the Nebraska Wage Payment and Collection Act, R.R.S. Neb. §§ 48-1228-1232, on behalf of himself and all members of the Nebraska Class for which certification is sought pursuant to Fed. R. Civ. P. 23.

265.    At all times relevant, Defendant was an employer covered by Nebraska's wage statutes.

266.    Plaintiff Bachmeier and all members of the Nebraska Class are owed earned wages/compensation for work each has already performed.  Defendant agreed to pay the Nebraska plaintiffs for their work, to wit, hourly paid wages, before work was performed and all conditions stipulated between Defendant and the Nebraska Plaintiffs as to the claimed wages have been met.

267.    Specifically, among other things, Defendant failed to pay Plaintiff Bachmeier and all members of the Nebraska Class their full hourly wages for all rest breaks and failed to count such time as hours worked. This practice has resulted in an underpayment of wages and agreed upon overtime premiums due to Plaintiff Bachmeier and all members of the Nebraska Class.

268.    Defendant, having failed to pay Plaintiff Bachmeier and all members of the Nebraska Class all wages and overtime agreed upon, is liable for payment of all said wages, together with all costs and reasonable attorney fees.  R.R.S. Neb. § 48-1231(1).

## COUNT TWELVE
### (By Named Plaintiffs Eisenbraun and Brimmer)
### (South Dakota Statutory Wage Claims)

269.    Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

270.    Plaintiffs Eisenbraun and Brimmer bring this claim for violation of the South Dakota wage payment statute, Section 60-11-7 of the South Dakota Codified Laws, on behalf of themselves and all members of the South Dakota Class for which certification is sought pursuant to Fed. R. Civ. P. 23.

271.    At all times relevant, Defendant was a "private employer" covered by the South Dakota wage statute.  SDCL § 60-11-7.

272.    Defendant breached its obligation to pay wages in full to Plaintiffs Eisenbraun and Brimmer and all members of the South Dakota Class and did so in a manner that was "oppressive, fraudulent and/or malicious in its refusal to pay Plaintiffs' wages.

273.    Specifically, among other things, Defendant failed to pay Plaintiffs Eisenbraun and Brimmer and all members of the South Dakota Class for all rest breaks and failed to count such time as hours worked. This practice has resulted in an underpayment of overtime premiums due to Plaintiffs Eisenbraun and Brimmer and the South Dakota Class.

274.    Defendant, having violated SDCL § 60-11-7, is liable for the recovery of the unpaid wages, plus an equal amount as a "double" or liquidated damage.

## COUNT THIRTEEN
### (By Named Plaintiff Falcon)
### (North Dakota Wage Collection Act Claims)

275.    Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

276.     Plaintiff Falcon brings this claim for violation of the North Dakota Wage Collection Act, NDCC 34-14, *et seq*. on behalf of himself and all members of the North Dakota Class for which certification is sought pursuant to Fed. R. Civ. P. 23.

277.     The North Dakota Supreme Court held that an implied private right of action exists under the North Dakota Wage Collection Act.  *Werlinger v. Champion Healthcare Corp*., 598 N.W.2d 820, 831-833 (N.D. 1999).

278.     At all times relevant, Defendant was an employer covered by the North Dakota Wage Collection Act.

279.     Defendant violated the North Dakota Wage Collection Act by failing to pay all wages and overtime compensation to its hourly workers including Plaintiff Falcon and all members of the North Dakota Class.

280.     Specifically, among other things, Defendant failed to pay Plaintiff Falcon and all members of the North Dakota Class for all rest breaks and failed to count such time as hours worked. This practice has resulted in an underpayment of overtime premiums due to Plaintiff Falcon and all members of the North Dakota Class.

281.     Defendant, having violated the North Dakota Wage Collection Act, is liable to Plaintiff Falcon and all members of the North Dakota Class for all unpaid wages and overtime due, plus applicable statutory interest and penalties under NDCC 34-14-09.1.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that the Court:

A.     Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) for the direct employee collective and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B.      Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) for the joint employer collective and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

C.      Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff Raisor and other members of the Ohio Class;

D.      Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff Mowery and other members of the Missouri Class;

E.      Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiffs Conrad Smith, Accola, Hoerres, and Altenbach and other members of the Wisconsin Class;

F.      Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiffs Earl Smith and Malek and other members of the Indiana Class;

G.      Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiffs Zaya and Murphy and other members of the Illinois Class;

H.      Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiffs Kyle Baker and Arens and other members of the Iowa Class;

I.       Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff Susan Baker and other members of the Kansas Class;

J.      Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff Meislahn and other members of the Minnesota Class;

K.      Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff Bachmeier and other members of the Nebraska Class;

L.      Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of

Plaintiffs Eisenbraun and Brimmer and other members of the South Dakota Class;

M.     Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff Falcon and other members of the North Dakota Class;

N.     Enter judgment against Defendant and in favor of Plaintiffs, the FLSA Opt-Ins, the Ohio Class, Missouri Class, Wisconsin Class, Indiana Class, Illinois Class, Iowa Class, Kansas Class, Minnesota Class, Nebraska Class, South Dakota Class, and the North Dakota Class;

O.     Award compensatory damages to Plaintiffs, the FLSA Opt-Ins, the Ohio Class, Missouri Class, Wisconsin Class, Indiana Class, Illinois Class, Iowa Class, Kansas Class, Minnesota Class, Nebraska Class, South Dakota Class, and the North Dakota Class in the amount of their unpaid wages and unpaid overtime wages as well as liquidated damages and other damages permitted by law; and,

P.     Award Plaintiffs their costs and attorney's fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

Respectfully submitted,

*/s/ Hans A. Nilges*
Hans A. Nilges (0076017)
Shannon M. Draher (0074304)
**NILGES DRAHER, LLC**
7266 Portage Street, N.W., Suite D
Massillon, OH 44646
Telephone:     (330) 470-4428
Facsimile:     (330) 754-1430
Email: hans@ohlaborlaw.com
          sdraher@ohlaborlaw.com

*/s/ Robi J. Baishnab*
Robi J. Baishnab (0086195)
**NILGES DRAHER, LLC**
34 N. High St., Ste. 502
Telephone:     (614) 824-5770
Facsimile:     (330) 754-1430
Email: rbaishnab@ohlaborlaw.com

*/s/ Robert P. Kondras, Jr.*
Robert P. Kondras, Jr.
Attorney No. 18038-84
**HUNT, HASSLER, KONDRAS & MILLER LLP**
100 Cherry Street
Terre Haute, IN 47807
(812) 232-9691 Phone
(812) 234-2881 Facsimile
kondras@huntlawfirm.net

*/s/ Robert J. Hunt*
Robert J. Hunt (IN # 30686-49)
**THE LAW OFFICE OF ROBERT J. HUNT, LLC**
3091 E. 98th Street, Ste. 280
Indianapolis, IN 46280
Telephone:      (317)-706-1100
Facsimile:      (317)-623-8503
Email:          rob@indianawagelaw.com

*/s/ Allen R. Vaught*
Allen R. Vaught
TX Bar No. 24004966
**BARON & BUDD, P.C.**
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas 75219
Phone: (214) 521-3605
Fax: (214) 520-1181
avaught@baronbudd.com

*Counsel for Plaintiffs*

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable.

/s/ *Hans A. Nilges*
Hans A. Nilges (0076017)

*Counsel for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 22nd day of March 2019 the foregoing was filed electronically.

Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

Parties may access this filing through the Court's system.

<u>*/s/ Robi J. Baishnab*</u>
Robi J. Baishnab

*Counsel for Plaintiffs*